Turley, J.
delivered the opinion of the court.
The defendant, Nimrod Porter, was sheriff of the county of Maury, for a great many years, and, as such, had dealings in various ways with one Thomas Brown, who died intestate in *381 the year 1834, and upon whose estate the complainants administered. Porter borrowed money from Brown, and was indebted to hi m for medical bills; and for several years before his death had paid his taxes. There was no settlement between him and Brown, during Brown’s life time. After Brown’s death, Porter, as sheriff, continued to pay the taxes on his estate up to May 1842. In June 1842, Allen Brown, one of the complainants, and Porter came to a settlement of the various transactions existing between him and the complainants as administrators of the estate of Thomas Brown, deceased; and it was agreed between them, that if Porter would not avail himself of the statute of limitations as a bar to the medical accounts of Thomas Brown against him, the administrators would pay him the full amount of taxes advanced by him for Brown in his life time, and for his estate after his death; and a settlement was then made upon this basis, when it was found, that the estate was indebted to Porter between eight hundred and one thousand dollars, which Allen Brown then promised to pay, but neglected to do so, in consequence of which Porter, in 1843, .was proceeding by distringas to collect the amount of taxes previously paid by him for Brown in his life time, and for his estate after his death; to stay which proceeding, this bill of injunction was filed, alledging, among other things, that Porter at the time of the attempt to enforce his claims by distringas, was no longer sheriff of Maury county, and praying that the complainants might be allowed all benefit of such statutes of limitation, or bar by lapse of time, as in the premises they, as administrators, ought to claim and be allowed, as though the same were formally set forth and relied upon.
Two questions are, upon this state of facts, presented for our consideration.
1st. Had the defendant, Porter, power, under the circumstances, to resort to the remedy by distringas, for the purpose of collecting the sums advanced by him in payment of taxes for the estate of Brown?
2d. To what extent is his claim, for such advances, affected by the statutes of limitation.
1st. As to Porter’s right to the remedy by distringas, it is *382 not and cannot be controverted, that such right, if it exist, must be by statutory provision, in as much as by the principles of the common law, the payment of the taxes by Porter, extinguished the demand of the State against Brown’s estate, and left it responsible to Porter for money laid out and expended for it by him, for which he would have his common law remedy by action on the case and no more. But it is contended, that the act of 1842, ch. 98, by a fair construction gives in this case, and others of like character, the remedy by distringas. That statute provides, “That the further time of two years be allowed to former sheriffs to collect all arrearages of taxes due them and uncollected: Provided, no former sheriff shall be authorized to enforce, the payment of any taxes under the provisions of this act, without first making oath before some acting justice of the peace for the county, that the amount claimed is due and unpaid, and that said former sheriff has paid and accounted for the same to the State treasurer and county trustee in their annual settlement.”
Now to give any operative effect to this statute, it must be construed to mean something more than that the sheriffs should have two years to commence their action on the case for the unpaid taxes due them, for this right they had amply secured to them by the common law, and this too without being under the necessity of making oath before a justice of the peace, that the amount claimed by them was due and unpaid, and .that they had paid and accounted for the same to the State treasurer and county trustee.
If it meant more than this, then what did it mean? Surely nothing less than that the sheriffs should use and exercise all the means given by law for the purpose of enforcing the payment of taxes due to the State, or in other words, that although they had ceased to be sheriffs of the counties for which they had previously been acting, they might, nevertheless, for the space of two years use the proceeding by distringas to enforce the payment of taxes due and unpaid, and which they had accounted for and paid to the State treasurer and county trustee. We cannot, therefore, doubt that the defendant, Porter, had the right to use the remedy by distringas for the collection of the *383 amount of taxes paid by him for the estate of Thomas Brown, and -which were legally due.
2d. How far is Porter’s claim for taxes, advanced by him for the estate, affected by the statutes of limitation?
In the discussion of this proposition, it may be premised that the act of 1842, extending the time for the collection of unpaid taxes, does not purport to interfere with the operation of any of the statutes of limitation of .the State, and, therefore, does not warrant the collection by the sheriff of any unpaid taxes, which would be barred in the courts by any statute of limitation in force. The complainants rely very inartificially upon the statutes of limitation in this case.
The prayer of the bill, as we have seen, asks of the court, ‘‘that they be allowed all benefit of such statutes of limitation, or bar by lapse of time, as in the premises they, as administrators, ought to claim.”
This can be construed to mean nothing more than that they be allowed the benefit of such statutes of limitation, as they in their representative capacity are bound to plead, or by neglecting so to do, become liable for a devastavit, and that they waive all such statutes as they in their representative capacity might refuse to plead, without making themselves so liable.
It has been held by this court, that administrators or executors are bound to plead the statute of 1789, which provides, in sec. 4, that “the creditors of any person or persons deceased, if he or they reside within this State, shall within two years, and if they reside without the limits of this State, within threeyears from the qualification of the executors or administrators, exhibit and make demand of their respective accounts, debts and claims of every kind whatever, to such executors or administrators; and if any creditor or creditors shall hereafter fail to demand and bring suit for the recovery of his, or her, ortheir debts as above specified, within the aforesaid time limited, he, she or they shall forever be barred from the recovery of his, her ortheir debt, in any court of law or equity, or before any justice within this State; and that any neglect on their part so to plead the statute in defence, will charge them for a devastavit to the extent of the demands thus neglected to be so defended.” The *384 complainants,'then, must be allowed the benefit'of this statute under the prayer in their bill, but none other are they, at their peril, bound to plead.
To what extent then will this statute effect the demands of' the defendant, Porter? It bars all amounts advanced by Porter for Thomas Brown in his life time, but no more, because the statute in express words limits its operation to demands against. any person or persons deceased, and does,not, therefore,fapply. to any demands arising by contract, either express or implied, ' with the executor or administrator of an estate, which are, therefore, affected like claims between all other persons, by the common statute of limitations; and which in the case now under consideration, for sums advanced for the estate by Porter after Brown’s death, is the statute of James, of six years, because debt would lie for such demands. But this statute is not pleaded or insisted on, and, therefore, there is no statute of limitations in the way to prevent' Porter’s recovery for all such sums as he advanced for the estate of Brown after his death.
Then how does the case stand under this view of it? Porter is prevented by the act of 1789, from recovering any demand due to him from Brown in his life time, but is entitled to recover all demands for money advanced in the payment of taxes for the estate of Brown after his death.
. Butin as much as Porter stands charged with the amount of bills for medical services rendered him by Brownin his life time, which were also barred by the statute of limitations, and which he now relies upon in his answer, but of which he agreed not to avail himself, provided the administrators would not take advantage of the statute, barring his claim for advances made for Brown in his lifetime, in which he has been disappointed, as the protection of the statute is now extended to them, we think it nothing but just, that the defendant should not be held' to his agreement, the consideration of which has failed; and, therefore, hold that he shall not be charged with the amount of medical bills, thus barred by the statute of limitations, but that the same shall be stricken from the account.
The decree will be modified, and the account recast upon the principles of this opinion.